The order below is hereby signed.

Signed: May 16 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
KIMBERLY HOLMES,                   )    Case No. 12-00341
                                   )    (Chapter 7)
         Debtor.                   )

MEMORANDUM DECISION AND ORDER
GRANTING APPLICATION FOR WAIVER OF CHAPTER 7 FILING FEE

The debtor has filed an application for waiver of the chapter 7 filing fee (Dkt. No. 3). Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court:

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor meets the first requirement for a waiver because her monthly income of $907 ($10,884 annualized) is less than 150% of the poverty line established for a family of two living in the District of Columbia under the 2012 Health and Human Services

Poverty Guidelines.[1]

The debtor's inability to pay the filing fee in installments is the second requirement for waiver of the filing fee.  There is a wrinkle in the debtor's application with respect to this second requirement because she states that she has promised to pay an attorney $1,850 in connection with this case.  However, according to the Judicial Conference guidelines, "[a] debtor is not disqualified for a waiver of the filing fee solely because the debtor has paid (or promised to pay) a bankruptcy attorney . . . in connection with the filing."  *Interim Procedures*, UNITED STATES COURTS (Aug. 11, 2005), http://www.uscourts.gov/federalcourts/bankruptcy/BankruptcyResources/JCUSinterrimProcedures.aspx.  Rather, the court must consider the totality of the circumstances in determining the debtor's ability to pay in installments.  *See In re Davis,* 372 B.R. 282, 285 (Bankr. W.D. Va. 2007); *see also In re Johnson*, 2006 WL 2883143, at *1 (Bankr. M.D. Tenn. 2006) (finding that the totality of the circumstances warranted a waiver of the chapter 7 filing fee despite the debtor having paid her lawyer $600).

Even though Kimberly Holmes has promised to pay an attorney, she has demonstrated an inability to pay the filing fee in installments.  The debtor's voluntary petition was not filed by

---

[1]  The poverty line for a household of two in the District of Columbia is $15,130 and 150% of the poverty line is $22,695.

an attorney and no attorney has otherwise entered an appearance in this case.  This implies that, notwithstanding the assertion in her application for a waiver of the fee, the debtor has not engaged an attorney to represent her.  Additionally, the debtor's monthly expenses exceed her monthly income by $243.  Moreover, her meager monthly income for a family of two suggests that she will not be able to pay either the chapter 7 filing fee in installments or attorney's fees.  Accordingly, it is

ORDERED that the Application for Waiver of the Chapter 7 Filing Fee (Dkt. No. 3) is granted.

[Signed and dated above.]


Copies to: Debtor; recipients of e-notification.